# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

HAROLD E. RUTILA, IV,

*Plaintiff,*

vs.

ROM Technologies, Inc.;
MICHAEL BISSONNETTE;
PETER ARN;
STEVE SIEGEL;
ALAN TUCKER,

*Defendants.*

Case: 2:22−cv−12622
Assigned To : Michelson, Laurie J.
Referral Judge: Grey, Jonathan J.C.
Assign. Date : 11/1/2022
Description: COMP RUTILA V. ROM
TECHOLOGIES, INC, ET. AL (KB)

**COMPLAINT**

Plaintiff Harold E. Rutila, IV brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and its implementing regulations, against ROM Technologies, Inc., Michael Bissonnette, Peter Arn, Steve Siegel and Alan Tucker ("Defendants"), and alleges based on personal knowledge and information and belief, as follows:

## INTRODUCTION

1. The Telephone Consumer Protection Act of 1991, known as the "TCPA," generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultatnts*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action against Defendant for violations of the TCPA, 47 U.S.C. 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R. § 64.1200.

3. This case involves a telemarketing campaign by Defendant to Plaintiff to sell equity, stock, and products, despite not having the required consent to contact Plaintiff.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendant, as Defendant's unlawful solicitations to Plaintiff were directed to Plaintiff while he lived and worked in this District. The wrongful conduct giving rise to this case occurred in, was directed to, and emanated from this District.

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff Harold E. Rutila, IV is a natural person and citizen residing in Detroit, Michigan.

8. Defendant ROM Technologies, Inc. is a Connecticut Corporation with the address 101 Silvermine Road, Brookfield, CT 06804.

9. Defendant Peter Arn, CEO of ROM Technologies, Inc., is a person with the address 108 Davenport Road, Roxbury, CT 06782.

10. Defendant Michael Bissonnette, Senior Advisor of ROM Technologies, Inc., is a person with the address 3989 Pebble Beach Drive, Longmont, CO 80503.

11. Defendant Alan Tucker, Chief Financial Officer of ROM Technologies, Inc., is a person with the address 101 Silvermine Road, Brookfield, CT 06804.

12. Defendant Steve Siegel, President of ROM Technologies, Inc., is a person with the address 101 Silvermine Road, Brookfield, CT 06804.

13. Defendants are each a person defined by 47 U.S.C. § 159(39).

14. Defendants acted through their agents, affiliates, employees, officers, members, directors, heris, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

2.

3.

## **STATUTORY BACKGROUND**

15. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Te. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).

16. "A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016).

17. The TCPA provides a private cause of action to persons who receive such automated or pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).

18. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

19. The TCPA's definition of telephone solicitation applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

20. The TCPA's definition of unsolicited advertisement applies to "means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

21. The TCPA requires entities and persons engaging in telemarketing meet minimum standards, including training their personnel concerning the rules regarding telemarketing. 47 C.F.R. §§ 64.1200(d)(1)-(d)(3); 47 C.F.R. § 61.1200(b).

22. When considering individual officer liability under the TCPA, various Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See*, *e.g.*, *Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

23. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

24. Individual Defendants directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who make the telephone calls.

## **FACTUAL ALLEGATIONS**

25. At all times relevant herein, Plaintiff maintained and used a residential cellular telephone line, with phone number (810) 845-3497. This phone number is not associated with a business and is used solely by Plaintiff.

26. Plaintiff is the account holder and customary user of his phone number.

27. Plaintiff registered his phone number on the Federal Do Not Call Registry on or about August 18, 2009.

28. Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls, which prevent Plaintiff from using his phone for legitimate purposes.

29. Plaintiff's father is a physician who shares Plaintiff's generational name. Plaintiff, however, is a commercial airline pilot, has never been a physician, and is not a doctor.

30. On February 26, 2020 at 2:13 P.M., Plaintiff received a text message from (208) 291-1838, later identified as "Mike from ROMTech," for the purpose of solicitation, asking "Hello, is this the correct number for Dr. Rutila?" Plaintiff did not respond.

31. On March 9, 2020 at 6:22 P.M,, Plaintiff received a second text message from (208) 291-1838 for the purpose of solicitation, as follows: "Hi Dr Rutila, this is Mike from ROMTech. Do you have time in your schedule today or tomorrow for a quick 5-min phone call?"

32. On July 19, 2022 at 4:59 P.M., Plaintiff received two concurrent text messages from (203) 516-4230 for the purpose of solicitation, as follows:

   a:  Hi Dr. Rutila, Sam from ROMTech; a medical tech firm here in Brookfield, CT. We're vetting a select group of physicians for equity in our company, in exchange for providing feedback.

   b:  We are preparing for a national product launch & public offering. Do you have time in your schedule for a brief 2-3 minute intro call? (weekday or weekend). Thank you! Sam @ ROMTech

33. On July 20, 2022 at 5:53 P.M., Plaintiff received another text message from (203) 516-4230 for the purpose of solicitation, asking "Hello, this is Sam Elias with the medical division of ROMTech. Is this the correct number for Dr. Rutila?"

34. On July 26, 2022 at 2:59 P.M., Plaintiff received another text message from (203) 516-4230 for the purpose of solicitation, asking, "We are compensating w/ company stock shares for your participation. When do you have a few minutes in your schedule for a brief call? Thank you, Sam @ROMTech."

35. On July 26, 2022 at 6:57 P.M., Plaintiff received another text message from (203) 516-4230 for the purpose of solicitation, stating "Dr. Rutila, this is Sam at ROMTech, already in use at over 100 institutions. Our product development team would like your feedback on our new patented technology."

36. On July 28, 2022 at 5:47 P.M., Plaintiff received another text message from (203) 516-4230 for the purpose of solicitation, stating "Dr. Rutila, this is Sam at ROMTech, already in use at over 100 institutions. Our product development team would like your feedback on our new patented technology. Company stock shares are compensated for your participation. When are you available in the next few days for a brief 5 minute intro call?"

37. On August 1, 2022 at 6:13 P.M., Plaintiff received another text message from (203) 516-4230 for the purpose of solicitation, stating, "Dr. Rutila, it's Sam @ ROMTech. Reaching out one last time about providing feedback to our product development team. Please text/call if interested. Ty."

38. On July 26, 2022 at 1:37 P.M., Plaintiff received a phone call from (203) 516-4230 ("Sam Elias from ROMTech") for the purpose of solicitation.

39. On July 27, 2022 at 6:23 P.M., Plaintiff received another phone call from (203) 516-4230 for the purpose of solicitation.

40. On July 28, 2022 at 5:47 P.M., Plaintiff received another phone call from (203) 516-4230 for the purpose of solicitation.

41. On August 1, 2022 at 6:13 P.M., Plaintiff received another phone call from (203) 516-4230 for the purpose of solicitation.

42. The generic, pre-recorded nature of the text messages demonstrate that an automated telephone dialing system (ATDS) was utilized in creating and sending them for the purpose of solicitation.

43. The first text message alleged in this civil action, at Paragraph 30, did not state the sender's name or company, which falls short of the TCPA's identification and disclosure requirements.

44. The above texts and calls were made by Defendants for the purpose of soliciting the purchase or the sale of a product or service, specifically, medical equipment and company equities.

45. The conduct alleged in this action was made willfully and knowingly.

46. The TCPA requires telemarketers to provide training to their employees, contractors, etc. Accordingly, Defendants have failed to properly train its employees, contractors, etc.

47. Defendants' calls to Plaintiff utilized an automatically generated and/or pre-recorded voice.

48. Defendants' phone calls utilized an ATDS without obtaining Plaintiff's prior express written consent.

49. Plaintiff did not have a prior business relationship with Defendants.

50. Defendants did not have any consent to call or text Plaintiff.

51. Defendants are not an organization exempt from the TCPA.

52. Defendants' calls to Plaintiff were each a "telephone solicitation" as defined by the TCPA.

53. Defendants' calls to Plaintiff were each an "unsolicited advertisement" as defined by the TCPA.

54. Upon information and belief, Plaintiff received additional calls from Defendants not included above.

55. In sum, Defendants placed at least <u>thirteen</u> telephone solicitation calls to Plaintiff.

56. As a result of the foregoing, Plaintiff has been unnecessarily inconvenienced, annoyed, irritated, and frustrated by Defendants' repetitive attempts to contact him.

57. Defendants have a pattern and practice of failing to comply with the TCPA.

58. The foregoing acts and omissions were violations of the TCPA.

59. Defendants are engaging in violations of the TCPA in order to garner business.

60. Employees can be held liable in TCPA actions for unlawful conduct.

61. The TCPA prohibits placing calls using an ATDS or automatically generated or prerecorded voice to a cellular telephone, except where the caller has the prior express consent of the called party to make such calls, or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

62. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff is entitled to treble damages of up to $1,500 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

63. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to the above-cited provisions of 47 U.S.C. § 227.

64. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

65. Plaintiff is entitled to an award of costs.

66. Defendants' calls were not made for "emergency purposes."

67. Defendants' calls to Plaintiff were made without any prior express written consent.

68. Defendants contacted Plaintiff, despite that Plaintiff was on the Do Not Call Registry.

69. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

70. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent *bona fide* error, lawful right, legal defense, legal justification or legal excuse.

71. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

72. In discovery, Plaintiff will better identify how many telephone calls were made by Defendants and or its agents or affiliates, and will request leave to amend the complaint after identifying the instance count.

## COUNT 1:
### Violation of TCPA's automated telemarketing call provisions, 47 U.S.C. § 227(b)(1)

73. Plaintiff incorporates the foregoing paragraphs as though fully restated herein.

74. Defendants called and texted Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least 13 occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

75. Plaintiff was statutorily damaged at least 13 times under 47 U.S.C. § 227(b)(3)(B) by Defendants through the telephone calls and texts described above, in the amount of $500.00 per each.

76. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

10.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants in an amount of $6,500 plus costs and any other remedy deemed appropriate.

## COUNT 2:
Initiating a telephone solicitation to a telephone subscriber who has registered his number on the Do-Not-Call List at least 31 days prior to the telephone call. 47 C.F.R. § 64.1200(C)(2).

77. Plaintiff incorporates the foregoing paragraphs as though full restated herein.

78. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 31 days prior to the calls described above.

79. Defendants called Plaintiff's telephone at least 13 times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendants' calls, in violation of 47 C.F.R. § 64.1200(c)(2).

80. Plaintiff was statutorily damaged at least 13 times under 47 U.S.C. § 227(c)(5)(B) by the Defendants by the telephone calls/texts described above, in the amount of $500.00 for each of the 13 telephone calls and texts.

81. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgement be entered in his favor and against Defendants in an amount of $6,500 plus costs and any other remedy deemed appropriate.

## COUNT 3:
Violation concerning identification of sellers and telemarketers, 47 C.F.R. § 64.1200(d)(4).

82. Plaintiff incorporates the foregoing paragraphs as though fully restated herein.

83. TCPA regulations require that the caller provide the called party the name of the individual caller, the name of the person or entity on whose behalf the call is made, and a telephone or address where the person may be reached. 47 C.F.R. § 64.1200(b); 47 C.F.R § 64.1200(d)(4).

84. Defendants violated this provision during the telephone calls by not identifying itself adequately during the first text message, as alleged in Paragraph 30.

85. Plaintiff was statutorily damaged at least one time under 47 U.S.C. § 227(c)(5)(B) by Defendants through the text message described above, in the amount of $500.00, where a failure to properly identify occurred.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants in an amount of $500 plus costs and any other remedy deemed appropriate.

## COUNT 4:
### Violation concerning written policies and training of personnel engaging in telemarketing, 47 C.F.R. §§ 64.1200(d)(1)-(d)(2)

86. Plaintiff incorporates the foregoing paragraphs as though fully restated herein.

87. TCPA regulations require that the entities making telephone calls maintain written policies, available upon demand, concerning their do-not-call policy. 47 C.F.R. § 64.1200(d)(1).

88. TCPA regulations require that the entities making telephone calls train its personnel engaging in telemarketing. 47 C.F.R. § 64.1200(d)(2).

89. Defendants violated these provisions by failing to provide training to personnel, including "Mike" and Sam Elias, on laws, rules, and regulations concerning disclosure of identity and the necessary consent of the telephone call and text recipient.

90. Plaintiff was statutorily damaged at least one time under 47 U.S.C. 227(c)(5)(B) by the Defendants for the violation described above, in the amount of $500, for its failure to train employees regarding the TCPA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants in an amount of $500 plus costs and any other remedy deemed appropriate.

## COUNT 5:

<u>Violations of Do Not Call List policy provisions, 47 C.F.R. § 64.1200(d)(1)</u>

91. Plaintiff incorporates the foregoing paragraphs as though fully restated herein.

92. The TCPA requires "Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list." 47 C.F.R § 64.1200(d)(1).

93. On August 7, 2020, Plaintiff requested Defendants' aforementioned written policy from Defendants, but as of the transmitting of this filing, has not been provided with said policy.

WHEREFORE, Plaintiff respectfully requests that judgement be entered in his favor and against Defendants in an amount of $500 plus costs and any other remedy deemed appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgement be entered in his favor and against Defendants in an amount to be more fully determined at trial, but at least $14,500 as permitted by statute, as follows:

A.  All actual damages Plaintiff suffered;

B.  Statutory damages of $500 per call for each violation of 47 U.S.C. § 227(b);

C.  Treble damages of $1,500 per call for each violation determined to be made willfully and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);

D.  Statutory damages of $500 per call for each violation pursuant to 47 U.S.C. § 227(c)(5)(B);

E.  Treble damages of $1,500 per call for each violation determined to be made willfully and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(C);

F.  Statutory damages of $500 per each violation of 47 C.F.R. §§ 64.1200(d)(1)-(d)(4).

G.  All reasonable attorneys' fees, witness fees, court costs, pre-judgement and post-judgement interest, and other litigation costs incurred by Plaintiff;

H.  Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

I.   Leave to amend this Complaint to conform to the evidence presented at trial;

J.   Any other relief this Court deems proper.

Respectfully submitted,

DATED: October 31, 2022

Harold E. Rutila IV
*Pro se*
3800 Greenfield Rd #1958
Dearborn, MI 48120
h.rutila@gmail.com
(810) 845-3497

14.

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: Wayne County, MI

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Harold E. Rutila, IV

**(b)** County of Residence of First Listed Plaintiff    Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
ROM Technologies, Inc.; Michael Bissonnette; Peter Arn; Steve Siegel; Alan Tucker

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

*(■ 3 Federal Question marked)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for:

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | | ■ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Act | | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 720 Labor/Management | **[SOCIAL SECURITY]** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | Exchange |
| | Medical Malpractice | | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | Income Security Act | **FEDERAL TAX SUITS** | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | 26 USC 7609 | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ■ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227
Brief description of cause:
Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 14,500.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ■ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
October 31, 2022

SIGNATURE OF ATTORNEY OF RECORD
*Harold E. Rutila IV*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.　　　Is this a case that has been previously dismissed?　　　☐ Yes
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.　　　Other than stated above, are there any pending or previously
　　　　discontinued or dismissed companion cases in this or any other　　☐ Yes
　　　　court, including state court? (Companion cases are matters in which　☒ No
　　　　it appears substantially similar evidence will be offered or the same
　　　　or related parties are present and the cases arise out of the same
　　　　transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :



FROM:
HAROLD E. RONZA
14598 LONGACRE ST
DETROIT, MI 48227

TO:
U.S. DISTRICT COURT
OFFICE OF THE CLERK
231 W. LAFAYETTE BLVD
5TH FLOOR
DETROIT, MI 48226